UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DORSE INTERNATIONAL, INC.,

                    Plaintiff,         **COMPLAINT**

                                         **JURY TRIAL DEMANDED**

-- against --

                                         Case No. 07 Civ. 7642 (SHS) (FM)

D.R.A GAD, INC.,

                                         ECF Case

                    Defendant.
-------------------------------------------------------X

       Plaintiff, DORSE INTERNATIONAL, INC. ("Dorse"), by its undersigned counsel, brings this Complaint against defendant D.R.A. GAD, INC. ("D.R.A.") and respectfully alleges as follows:

### NATURE OF THE ACTION

       1.       This is an action for, *inter alia*, breach of contract, unjust enrichment, conversion, and restitution for bad checks, all based on unlawful and improper conduct committed by defendant as against plaintiff.

### JURISDICTION AND VENUE

       2.       The Court's jurisdiction is invoked in accordance with 28 U.S.C. §1332(a) in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there exists complete diversity among the parties as Dorse is a Georgia corporation and D.R.A. is a New York corporation.

       3.       Venue is proper pursuant to 28 U.S.C. §1391(a) because the substantial part of the relevant events concerning this case occurred within, and D.R.A. maintains its principal place of business in, the Southern District of New York.

## THE PARTIES

4.   Dorse is a corporation existing by virtue of the laws of the State of Georgia, with offices located at 2385 Scotney Castle Lane, Powder Springs, Georgia.

5.   D.R.A. is a corporation existing by virtue of the laws of the State of New York, with its principal offices located at 15 West 47th Street, Suite 802, New York, New York, and its registered agent for service located at 97-07 67th Avenue, Rego Park, New York, where D.R.A. may be served with process.

## THE FACTS

6.   Dorse is in the business of exporting precious gemstones from Africa and selling them to distributors and retailers within the United States and throughout the world.

7.   Upon information and belief, D.R.A. is in the business of purchasing precious gemstones from importers and selling them to jewelers and retailers within the Southern District of New York, throughout the United States and around the world.

8.   Upon information and belief, D.R.A. maintains its principal place of business in the area located on West 47th St., New York, New York which is commonly known as the "Diamond District."

9.   At all times herein, there was a general custom in and throughout the Diamond District well understood by jewelry dealers including Dorse and D.R.A. that business was conducted by oral agreement and on good faith, based on a track record of previous performance of obligations.

10.  In or about February 2006, the principals of both Dorse and D.R.A. entered into an oral purchase contract whereby D.R.A. agreed to purchase and did

purchase a quantity of goods, namely Tanzanite, a precious gemstone exported from the country of Tanzania, from Dorse which had possession of and legal title to the Tanzanite gemstones (the "Contract").

11. Upon information and belief, at the time of the Contract, the prevailing wholesale purchase price for Tanzanite was approximately $370 per carat.

12. Based upon the prevailing wholesale price of $370, the quantity of Tanzanite purchased by D.R.A. from Dorse was worth $155,298.

13. As part of the terms and conditions of the Contract, Dorse offered D.R.A. a substantial discount off of the standard wholesale price in exchange for payment pursuant to the Contract.

14. The total discounted price offered to D.R.A. by Dorse was $134,000 which, pursuant to the Contract, was contingent upon D.R.A. presenting eight checks each in the amount of $16,750 payable to Dorse and post-dated for deposit of one check during each of the successive eight months.

15. At all times herein, it was the general custom in the Diamond District that if payment was not made pursuant to the Contract, that the discounted price offered as per the Contract would be rescinded and that the buyer would be obligated to pay the prevailing wholesale purchase price to the seller.

16. Pursuant to the Contract, D.R.A. presented Dorse with eight checks, to be drawn on its account at Valley National Bank located in New York, New York.

17. Pursuant to the Contract, Dorse delivered the Tanzanite stones and they were accepted by D.R.A. without reservation or objection.

18. The first four checks written by D.R.A. were presented for payment and each were honored and accepted by Dorse's bank for deposit.

19. However, when the last four checks were presented for payment, none were honored by Dorse's bank and all were returned for insufficient funds in D.R.A.'s account.

20. The four dishonored checks were as follows:

    a. Check No. 9245, dated November 30, 2006, in the amount of $16,750;
    b. Check No. 9246, dated December 12, 2006, in the amount of $16,750;
    c. Check No. 9248, dated January 11, 2007, in the amount of $16,750;
    d. Check No. 9249, dated January 25, 2007, in the amount of $16,750.

True copies of the four dishonored checks and their corresponding notices of dishonor from Wachovia Bank are attached hereto as Exhibit "A."

21. Dorse, through its counsel, made written demand to D.R.A. for payment on the four dishonored checks pursuant to O.C.G.A. § 13-6-15(c). A copy of the written notice is attached hereto as Exhibit "B."

22. After receipt of the written notice, D.R.A. remitted partial payment to Dorse in the amount of $10,000 via wire transfer.

23. Upon information and belief, D.R.A. sold all of the Tanzanite stones received from Dorse at retail price, including the gem stones for which it did not pay.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

24. Plaintiff repeats and realleges paragraphs "1" through "23" as if fully set forth herein.

25. Pursuant to U.C.C. § 2-201 (3) (c), the Contract is valid and enforceable despite not satisfying the requirements of the Statute of Frauds because partial payment has been made and the goods were accepted by the buyer, D.R.A.

26. D.R.A. breached the Contract by failing to make payment for the Tanzanite stones that it had already received and accepted in accordance with the Contract.

27. By virtue of D.R.A.'s breach, it forfeited the conditionally discounted price offered in the Contract.

28. Thus, D.R.A. owes Dorse $77,298, which is the remainder of the prevailing wholesale purchase price of the Tanzanite stones, plus interest thereon from the date of the breach.

## SECOND CAUSE OF ACTION
(Damages for the Writing of Bad Checks; O.C.G.A. § 13-6-15, *et seq.*)

29. Dorse repeats and realleges paragraphs "1" through "23" as if fully set forth herein.

30. D.R.A. has violated Section 13-6-15(a) of the Official Code of Georgia (O.C.G.A.), by making and delivering four bad checks that were presented for deposit and dishonored in the State of Georgia.

31. D.R.A. is liable to Dorse for the face amount of the checks equaling the sum of $67,000, plus statutory damages in the amount of $500 and a statutory premium charge of 5% of the face value of the four checks in the amount of $3,350, as well as all bank charges to be determined at trial.

32. D.R.A. has reduced its liability under this cause of action by remitting partial payment in the amount of $10,000.

33. Therefore, Dorse is entitled to a judgment under O.C.G.A. § 13-6-15, against D.R.A., in the amount of $60,850, plus bank charges.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

34. Dorse repeats and realleges paragraphs "1" through "23" as if fully set forth herein.

35. D.R.A. was in possession of $77,298 worth of Tanzanite stones that it received from Dorse pursuant to the Contract, but for which it did not pay.

36. Upon information and belief, D.R.A. is no longer in possession of the Tanzanite stones and has sold them at a profit—for substantially more than the prevailing wholesale price.

37. Therefore, Dorse is entitled to a judgment against D.R.A. for its damages caused by D.R.A's unjust enrichment in an amount to be determined at trial, but for no less than $77,298, plus interest thereon.

### FOURTH CAUSE OF ACTION
### (Conversion)

38. Dorse repeats and realleges paragraphs "1" through "23" as if fully set forth herein.

39. D.R.A. exercised exclusive and unauthorized dominion over the $77,298 worth of Tanzanite gemstones that it received from Dorse without making payment.

40. As a result of the foregoing, D.R.A. converted $77,298 worth of Tanzanite gemstones from Dorse.

41. D.R.A.'s conversion of those Tanzanite gemstones was accomplished by malice and/or reckless or willful disregard of Dorse's rights.

42. As a result of the conversion, Dorse has been damaged in an amount to be determined at trial, but for no less than $77,298, plus interest and punitive damages thereon.

WHEREFORE, Plaintiff Dorse International, Inc. prays for relief as follows:

(a) On the First Cause of Action, that a judgment be entered in favor of Dorse against D.R.A. in an amount to be determined at trial, but in no event less than $77,298, plus interest thereon;

(b) On the Second Cause of Action, that a judgment be entered in favor of Dorse and against D.R.A. in an amount not less than $60,850, plus bank charges, and interest thereon;

(c) On the Third Cause of Action, that a judgment be entered in favor of Dorse and against D.R.A. in an amount to be determined at trial, but in an amount not less than $77,298, plus interest thereon;

(d) On the Fourth Cause of Action, that a judgment be entered in favor of Dorse and against D.R.A. in an amount to be determined at trial, but in an amount not less than $77,298, plus interest thereon and punitive damages in an amount to be determined at trial, but in an amount not less than $500,000;

7


(e)     That Dorse be awarded attorney's fees, costs and disbursements; and

(f)     For such further relief as this Court deems just and proper.

Dated:  New York, New York
        August 27, 2007

> **WINOGRAD & WINOGRAD P.C.**
>
> By: _[signature]_
> Corey Winograd (CW-8280)
> 450 Seventh Avenue, Suite 1308
> New York, New York  10123
> (212) 268-6900
> Attorneys for Plaintiff

**EXHIBIT "A"**

**WACHOVIA**

Date: Dec 11, 2006   Advice D-529836

Acct:   005/2080000644358

A fee associated with this service will be reflected in your current account analysis statement. The items listed are enclosed. You may obtain payment from the maker.

SEQ#   ITEM AMOUNT
31509      16,750.00

DORSE INTERNATIONAL
2385 SCOTNEY CASTLE LN
POWDER SPRINGS GA 30127

1 Item charged totaling $16,750.00

Advice Total  $16,750.00

⑇402333198⑇   00208000064435⑆"   ⑆"0000529836⑇







**WACHOVIA**

1-800-WACHOVIA (922-4684)
Date: Nov 20, 2006   Advice D=214121      Acct:   005/2080000644358

A fee associated with this service will
be reflected in your current account
analysis statement. The items listed
are enclosed. You may obtain payment
from the maker.

SEQ#    ITEM AMOUNT
37502      16,750.00

DORSE INTERNATIONAL
2385 SCOTNEY CASTLE LN
POWDER SPRINGS GA 30127

1 Item charged totaling $16,750.00

Advice Total $16,750.00

⑊402333198⑊   002080000644358⑊   ⑊000214121⑊

*031000040*
01/17/2007
6115098971

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.

---

**D.R.A. GAD, INC.**
15 W. 47TH ST., STE. 602
NEW YORK, NY 10036

VALLEY NATL BK MERCHANTS BK
NEW YORK CITY, NY 10036

9248

1/11/2007

Pay to the Order of  Dorse International, Inc                        $ **16,750.00**

Sixteen Thousand Seven Hundred Fifty and 00/100 ·········································  Dollars

Dorse International, Inc.

**NSF RETURNED BY VALLEY NATIONAL BANK**

Memo Purchase Duplicate #9915

⑊009248⑊   ⑊026006790⑊   03 073168⑊   ⑊000 1675000⑊

---

⑊009248⑊   ⑊026006790⑊   03 073168⑊   ⑊000 1675000⑊

VALLEY NATL BANK
0456275270  01/17/2007  013

01/19/2007  5969  26  97



**WACHOVIA**

1-800-WACHOVIA (922-4684)
Date: Feb 5, 2007   Advice D=496585

Acct:   005/2080000644358

A fee associated with this service will be reflected in your current account analysis statement. The items listed are enclosed. You may obtain payment from the maker.

SEQ#       ITEM AMOUNT
36287       16,750.00

DORSE INTERNATIONAL
2385 SCOTNEY CASTLE LN
POWDER SPRINGS GA 30127

1 Item charged totaling $16,750.00

Advice Total  $16,750.00

⑊40233198⑊   002080000644358⑊   ⑊000496585⑊





# EXHIBIT "B"

# RICHARD S. ALEMBIK, PC
## ATTORNEYS AT LAW
315 West Ponce de Leon Avenue, Suite 250
Decatur, Georgia 30030-5100 (USA)
www.alembik.com

RICHARD S. ALEMBIK

404-373-0205
404-795-8999 (FAX)
rick@alembik.com

OF COUNSEL

WILLIAM S. DOMINY
E. MICHELLE DRAKE

March 8, 2007

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 0004 2208 0880

Mr. Doron Gad
1628 Diplomat Dr.
Miami, FL 33179-6417

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 0004 2208 0897

Mr. Doron Gad
150 Green way Ter.
Apt. 51-E
Forest Hills, NY 11375-5298

| | |
|---|---|
| RE: | Notice of Bad Check Pursuant to Official Code of Georgia § 13-6-15(c) |
| Our Client(s): | Dorse International, Inc. |
| Our File No.: | 2174001-001-010 |

Dear Mr. Gad:

You are hereby notified that the following instruments:

| Number | Date | Amount | Name of Bank |
|---|---|---|---|
| 9249 | 1/25/07 | $16,750 | Valley Natl. Bk. Merchants Bk. |
| 9248 | 1/11/07 | $16,750 | Valley Natl. Bk. Merchants Bk. |
| 9246 | 12/12/06 | $16,750 | Valley Natl. Bk. Merchants Bk. |
| 9245 | 11/30/06 | $16,750 | Valley Natl. Bk. Merchants Bk. |

Mr. Doron Gad
March 8, 2007
Page 2

drawn upon Valley National Bank Merchants Bank and payable to "Dorse International, Inc." have been dishonored.

Pursuant to Georgia law, you have ten days from receipt of this notice to tender payment of the full amount of the check or instrument plus a service charge of $25 or 5 percent of the face amount of the check or instrument, whichever is greater, plus the amount of any fees charged to the holder of the instrument by a bank or financial institution as a result of the instrument not being honored, the total amount due being $70,350.

Unless this amount is paid in full within the ten-day period, the holder of the check or instrument may file a civil suit against you for two times the amount of the check or instrument, but in no case more than $500, in addition to the payment of the check or instrument plus any court costs incurred by the payee in taking the action.

Please transmit payments to this office and make any instrument payable to "Dorse International, Inc."

Sincerely,

RICHARD S. ALEMBIK, PC

By: _____
Richard S. Alembik

RA/aeh
cc: Dorse International, Inc. (via e-mail only)

**RICHARD S. ALEMBIK, PC**
ATTORNEYS AT LAW
315 West Ponce de Leon Avenue, Suite 250
Decatur, Georgia 30030-5100 (USA)
www.alembik.com

RICHARD S. ALEMBIK

404-378-0205
404-795-8999 (FAX)
rick@alembik.com

OF COUNSEL

WILLIAM S. DOMINY
E. MICHELLE DRAKE

March 8, 2007

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 0004 2208 0880

Mr. Doron Gad
1628 Diplomat Dr.
Miami, FL 33179-6417

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 0004 2208 0897

Mr. Doron Gad
150 Green way Ter.
Apt. 51-E
Forest Hills, NY 11375-5298

RE:   Notice of Bad Check Pursuant to
      Official Code of Georgia § 13-6-15(c)
Our Client(s):   Dorse International, Inc.
Our File No.:    2174001-001-010

---

**RICHARD S. ALEMBIK, PC**
ATTORNEYS AT LAW
315 West Ponce de Leon Avenue, Suite 250
Decatur, Georgia 30030-5100 (USA)
www.alembik.com

RICHARD S. ALEMBIK

404-378-0205
404-795-8999 (FAX)
rick@alembik.com

OF COUNSEL

WILLIAM S. DOMINY
E. MICHELLE DRAKE

March 8, 2007

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 0004 2208 0880

Mr. Doron Gad
1628 Diplomat Dr.
Miami, FL 33179-6417

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 000...

Mr. Doron Gad
150 Green way Ter.
Apt. 51-B
Forest Hills, NY 11375-5298

RE:   Notice of Bad
      Official Code

**Domestic Return Receipt (PS Form 3811, February 2004)**

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   Doron Gad
   1628 Diplomat Dr.
   Miami, FL 33179-6417

COMPLETE THIS SECTION ON DELIVERY
A. Signature: X [signature] ☒ Agent  ☐ Addressee
B. Received by (Printed Name): [illegible]
C. Date of Delivery: 3-12-07
D. Is delivery address different from item 1? ☐ Yes  ☒ No

[Stamp: MAR 16 2007 RECEIVED R.S. Alembik, P.C.]

3. Service Type: ☒ Certified Mail  ☐ Express Mail  ☐ Registered  ☒ Return Receipt for Merchandise  ☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7006 0810 0004 2208 0880

102595-02-M-1540

O.C.G.A. 13-6-15

Mr. Doron Gad
March 8, 2007
Page 2

drawn upon Valley National Bank Mercha[nt ...]
Inc." have been dishonored.

Pursuant to Georgia law, you have [...]
payment of the full amount of the check o[r ...]
percent of the face amount of the check or [...]
amount of any fees charged to the holder o[f ...]
as a result of the instrument not being hon[ored ...]

Unless this amount is paid in full w[ithin ...]
or instrument may file a civil suit against y[ou ...]
instrument, but in no case more than $500[...]
instrument plus any court costs incurred by [...]

Please transmit payments to this off[ice ...]
International, Inc."

Sincere[ly,]

RICHA[RD S. ALEMBIK, PC]

By: _____
Richard [S. Alembik]

RA/aeh
cc: Dorse International, Inc. (via e-mail only[)]

