UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DORSE INTERNATIONAL, INC.,

                                    Plaintiff,                    **NOTICE OF MOTION**

              -against-
                                                    Case No. 07 Civ. 7642 (SHS) (FM)

D.R.A. GAD, INC.,

                                    Defendant.
-----------------------------------------------------------x

**TO:   D.R.A. Gad, Inc.
        15 West 47th Street
        Suite 802
        New York, New York 10036**

        PLEASE TAKE NOTICE that on the 2nd day of November, 2007, at 10:00 a.m., or as

soon thereafter as counsel may be heard, plaintiff Dorse International, Inc., by its undersigned

attorneys, shall move before the Honorable Sidney H. Stein, United States Courthouse,

Courtroom 23A, at 500 Pearl Street, New York, New York 10007, for the entry of an Order

granting to plaintiff a default judgment against defendant D.R.A. Gad, Inc. in the form submitted

herewith and other relief in the above-captioned action.

        PLEASE TAKE FURTHER NOTICE that in support of this Motion, plaintiff shall rely

upon this Notice of Motion, the Affidavit for Judgment by Default of Scott B. Kuperberg, the

Statement of Damages, the the pleadings previously submitted, together with all exhibits,

submitted herewith.

                        [SIGNATURES ON THE FOLLOWING PAGE]

Dated:   New York, New York
        October 19, 2007

                       WINOGRAD & WINOGRAD P.C.

By: _____
Corey Winograd (CW-8280)
450 Seventh Avenue
Suite 1308
New York, New York 10123
(212) 268-6900

Scott B. Kuperberg
Admitted *Pro Hac Vice*
Richard S. Alembik, PC
315 West Ponce de Leon Avenue
Suite 250
Decatur, Georgia  30030
(404) 373-0205

*Attorneys for Plaintiff*

To:   D.R.A. Gad, Inc.
      15 West 47th Street
      Suite 802
      New York, New York 10036

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

DORSE INTERNATIONAL, INC.,

                             Plaintiff,            **AFFIDAVIT FOR**
                                                 **JUDGMENT BY DEFAULT**

         -against-                               Case No. 07 Civ. 7642 (SHS) (FM)

D.R.A. GAD, INC.,

                            Defendant.
-------------------------------------------------------------x

**STATE OF GEORGIA**    )
                               )    **ss.:**
**COUNTY OF DEKALB**   )

      **SCOTT B. KUPERBERG**, being duly sworn, deposes and says:

      1.      I am admitted to the Bar of this Court *pro hac vice*, and am co-counsel with the firm of Winograd & Winograd, P.C., attorneys for Plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

      2.      I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiff's application for the entry of a default judgment against Defendant.

      3.      This is an action to recover $77,298.00 owed by Defendant to Plaintiff for the unpaid balance of the purchase price of a quantity of tanzanite gemstones, which were delivered by Plaintiff and accepted by Defendant, resulting in breach of contract, writing of bad checks, conversion and unjust enrichment by Defendant.

      4.      Jurisdiction of the subject matter is based on 28 U.S.C. § 1332(a), in that the amount in controversy exceeds $75,000, and there is complete diversity of the parties.



5.    This action was commenced on August 28, 2007, by filing of the Summons and Complaint. A copy of the Summons and Complaint was served on the Defendant on September 10, 2007, via service upon the Secretary of State of New York, pursuant to New York Business Corporation Law §304(a), and proof of service by the process server was filed. Defendant has not answered the Complaint and the time for Defendant to answer the Complaint has expired.

6.    This action seeks judgment for the liquidated amount of $77,298.00, plus interest at 9% per annum, from November 30, 2006 to November 2, 2007, of $6,377.09, plus costs and disbursements of $431.00, for a total of $84,106.09 as shown by the Statement of Damages, which is justly due and owing, and no part of which has been paid except as therein set forth.

7.    The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, Plaintiff requests the entry of Default and the entry of the annexed Judgment against Defendant.

SCOTT B. KUPERBERG

Sworn to before me this 18th day of October, 2007.

Notary Public

Notary Public, Gwinnett County, Georgia
My Commission Expires Nov. 13, 2007

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
DORSE INTERNATIONAL, INC.,

                          Plaintiff,              Case No. 07 Civ. 7642 (SHS)

          -against-                               **CLERK'S CERTIFICATE**

D.R.A GAD, INC.,

                          Defendant.
-----------------------------------------------------x

I, J. *MICHAEL McMAHON* Clerk of the United States District Court for the
Southern District of New York, do hereby certify that this action commenced on August
28, 2007 with the filing of a summons and complaint, a copy of the summons and
complaint was served on defendant by serving on September 10, 2007 the Secretary of
State of the State of New York by personally serving Carol Vogt, legal clerk who is
authorized to accept service on behalf of the Secretary of State, and proof of such service
thereof was filed on September 18, 2007.

I further certify that the docket entries indicate that the defendant has not filed an
answer or otherwise moved with respect to the complaint herein. The default of the
defendant is hereby noted.

Dated:   New York, New York

         *OCT 16, 2007*

                                             **J.** *MICHAEL McMAHON*
                                             Clerk of the Court

                                  By: _____
                                      Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DORSE INTERNATIONAL, INC.,

                           Plaintiff,           **STATEMENT OF DAMAGES**

          -against-

                                          Case No. 07 Civ. 7642 (SHS) (FM)

D.R.A. GAD, INC.,

                           Defendant.
-----------------------------------------------------------x

Principal amount sued for ........................................................ $77,298.00

Interest at 9% per annum from November 30, 2006, through November 2, 2007 ......$  6,377.09

**Costs and Disbursements**

Clerk's Fee .................................................................... $   350.00

Process Server fee for service ................................................ $    71.00

Statutory Fee ................................................................. $    10.00

Total (through November 2, 2007) .............................................**$84,106.09**

Dated:   New York, New York
         October 17, 2007

                        WINOGRAD & WINOGRAD P.C.

                        By: _____
                        Corey Winograd (CW-8280)
                        450 Seventh Avenue
                        Suite 1308
                        New York, New York 10123
                        (212) 268-6900

Scott B. Kuperberg
Admitted *Pro Hac Vice*
Richard S. Alembik, PC
315 West Ponce de Leon Avenue
Suite 250
Decatur, Georgia  30030
(404) 373-0205

*Attorneys for Plaintiff*

To:    D.R.A. Gad, Inc.
15 West 47th Street
Suite 802
New York, New York 10036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DORSE INTERNATIONAL, INC.,

                              Plaintiff,          **JUDGMENT**

            -against-                    Case No. 07 Civ. 7642 (SHS) (FM)

D.R.A. GAD, INC.,

                           Defendant.
-------------------------------------------------------------x

       This action having bee commenced on August 28, 2007, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on Defendant through the New York Secretary of State on September 10, 2007, and proof of service having been filed on September 18, 2007, and the Defendant not having answered the Complaint, and the time for answering the Complaint having expired it is

       ORDERED, ADJUDGED AND DECREED: That the Plaintiff have judgment against Defendant in the liquidated amount of $77,298.00, with interest at 9% per annum from November 30, 2006 to November 2, 2007 of $6,377.09, plus costs and disbursements of $431.00, amounting in all to $84,106.09.

Dated:    New York, New York
           November ___, 2007

                                     _____
                                        U.S.D.J.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

DORSE INTERNATIONAL, INC.

**SUMMONS IN A CIVIL ACTION**

V.

D.R.A. GAD, INC.

CASE NUMBER:

**07 CIV 7642**

TO: (Name and address of Defendant)

D.R.A GAD, INC.
15 West 47th Street, Suite 802
New York, New York 10036

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Corey Winograd
Winograd & Winograd P.C.
450 Seventh Avenue, Suite 1308
New York, New York 10123

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

AUG 2 8 2007

CLERK                                    DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
DORSE INTERNATIONAL, INC.,

                        Plaintiff,

-- against --

D.R.A GAD, INC.,

                        Defendant.
-------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No. 07 Civ. 7642 (SHS) (FM)

ECF Case

Plaintiff, DORSE INTERNATIONAL, INC. ("Dorse"), by its undersigned counsel, brings this Complaint against defendant D.R.A. GAD, INC. ("D.R.A.") and respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for, *inter alia*, breach of contract, unjust enrichment, conversion, and restitution for bad checks, all based on unlawful and improper conduct committed by defendant as against plaintiff.

## JURISDICTION AND VENUE

2.     The Court's jurisdiction is invoked in accordance with 28 U.S.C. §1332(a) in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there exists complete diversity among the parties as Dorse is a Georgia corporation and D.R.A. is a New York corporation.

3.     Venue is proper pursuant to 28 U.S.C. §1391(a) because the substantial part of the relevant events concerning this case occurred within, and D.R.A. maintains its principal place of business in, the Southern District of New York.

## THE PARTIES

4.      Dorse is a corporation existing by virtue of the laws of the State of Georgia, with offices located at 2385 Scotney Castle Lane, Powder Springs, Georgia.

5.      D.R.A. is a corporation existing by virtue of the laws of the State of New York, with its principal offices located at 15 West 47th Street, Suite 802, New York, New York, and its registered agent for service located at 97-07 67th Avenue, Rego Park, New York, where D.R.A. may be served with process.

## THE FACTS

6.      Dorse is in the business of exporting precious gemstones from Africa and selling them to distributors and retailers within the United States and throughout the world.

7.      Upon information and belief, D.R.A. is in the business of purchasing precious gemstones from importers and selling them to jewelers and retailers within the Southern District of New York, throughout the United States and around the world.

8.      Upon information and belief, D.R.A. maintains its principal place of business in the area located on West 47th St., New York, New York which is commonly known as the "Diamond District."

9.      At all times herein, there was a general custom in and throughout the Diamond District well understood by jewelry dealers including Dorse and D.R.A. that business was conducted by oral agreement and on good faith, based on a track record of previous performance of obligations.

10.     In or about February 2006, the principals of both Dorse and D.R.A. entered into an oral purchase contract whereby D.R.A. agreed to purchase and did

2

purchase a quantity of goods, namely Tanzanite, a precious gemstone exported from the country of Tanzania, from Dorse which had possession of and legal title to the Tanzanite gemstones (the "Contract").

11.    Upon information and belief, at the time of the Contract, the prevailing wholesale purchase price for Tanzanite was approximately $370 per carat.

12.    Based upon the prevailing wholesale price of $370, the quantity of Tanzanite purchased by D.R.A. from Dorse was worth $155,298.

13.    As part of the terms and conditions of the Contract, Dorse offered D.R.A. a substantial discount off of the standard wholesale price in exchange for payment pursuant to the Contract.

14.    The total discounted price offered to D.R.A. by Dorse was $134,000 which, pursuant to the Contract, was contingent upon D.R.A. presenting eight checks each in the amount of $16,750 payable to Dorse and post-dated for deposit of one check during each of the successive eight months.

15.    At all times herein, it was the general custom in the Diamond District that if payment was not made pursuant to the Contract, that the discounted price offered as per the Contract would be rescinded and that the buyer would be obligated to pay the prevailing wholesale purchase price to the seller.

16.    Pursuant to the Contract, D.R.A. presented Dorse with eight checks, to be drawn on its account at Valley National Bank located in New York, New York.

17.    Pursuant to the Contract, Dorse delivered the Tanzanite stones and they were accepted by D.R.A. without reservation or objection.

3

18.     The first four checks written by D.R.A. were presented for payment and each were honored and accepted by Dorse's bank for deposit.

19.     However, when the last four checks were presented for payment, none were honored by Dorse's bank and all were returned for insufficient funds in D.R.A.'s account.

20.     The four dishonored checks were as follows:

  a.     Check No. 9245, dated November 30, 2006, in the amount of $16,750;
  b.     Check No. 9246, dated December 12, 2006, in the amount of $16,750;
  c.     Check No. 9248, dated January 11, 2007, in the amount of $16,750;
  d.     Check No. 9249, dated January 25, 2007, in the amount of $16,750.

True copies of the four dishonored checks and their corresponding notices of dishonor from Wachovia Bank are attached hereto as Exhibit "A."

21.     Dorse, through its counsel, made written demand to D.R.A. for payment on the four dishonored checks pursuant to O.C.G.A. § 13-6-15(c). A copy of the written notice is attached hereto as Exhibit "B."

22.     After receipt of the written notice, D.R.A. remitted partial payment to Dorse in the amount of $10,000 via wire transfer.

23.     Upon information and belief, D.R.A. sold all of the Tanzanite stones received from Dorse at retail price, including the gem stones for which it did not pay.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

24.     Plaintiff repeats and realleges paragraphs "1" through "23" as if fully set forth herein.

4

25.    Pursuant to U.C.C. § 2-201 (3) (c), the Contract is valid and enforceable despite not satisfying the requirements of the Statute of Frauds because partial payment has been made and the goods were accepted by the buyer, D.R.A.

26.    D.R.A. breached the Contract by failing to make payment for the Tanzanite stones that it had already received and accepted in accordance with the Contract.

27.    By virtue of D.R.A.'s breach, it forfeited the conditionally discounted price offered in the Contract.

28.    Thus, D.R.A. owes Dorse $77,298, which is the remainder of the prevailing wholesale purchase price of the Tanzanite stones, plus interest thereon from the date of the breach.

## SECOND CAUSE OF ACTION
### (Damages for the Writing of Bad Checks; O.C.G.A. § 13-6-15, *et seq.*)

29.    Dorse repeats and realleges paragraphs "1" through "23" as if fully set forth herein.

30.    D.R.A. has violated Section 13-6-15(a) of the Official Code of Georgia (O.C.G.A.), by making and delivering four bad checks that were presented for deposit and dishonored in the State of Georgia.

31.    D.R.A. is liable to Dorse for the face amount of the checks equaling the sum of $67,000, plus statutory damages in the amount of $500 and a statutory premium charge of 5% of the face value of the four checks in the amount of $3,350, as well as all bank charges to be determined at trial.

5

32.    D.R.A. has reduced its liability under this cause of action by remitting partial payment in the amount of $10,000.

33.    Therefore, Dorse is entitled to a judgment under O.C.G.A. § 13-6-15, against D.R.A., in the amount of $60,850, plus bank charges.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

34.    Dorse repeats and realleges paragraphs "1" through "23" as if fully set forth herein.

35.    D.R.A. was in possession of $77,298 worth of Tanzanite stones that it received from Dorse pursuant to the Contract, but for which it did not pay.

36.    Upon information and belief, D.R.A. is no longer in possession of the Tanzanite stones and has sold them at a profit—for substantially more than the prevailing wholesale price.

37.    Therefore, Dorse is entitled to a judgment against D.R.A. for its damages caused by D.R.A's unjust enrichment in an amount to be determined at trial, but for no less than $77,298, plus interest thereon.

## FOURTH CAUSE OF ACTION
### (Conversion)

38.    Dorse repeats and realleges paragraphs "1" through "23" as if fully set forth herein.

39.    D.R.A. exercised exclusive and unauthorized dominion over the $77,298 worth of Tanzanite gemstones that it received from Dorse without making payment.

40.    As a result of the foregoing, D.R.A. converted $77,298 worth of Tanzanite gemstones from Dorse.

41.    D.R.A.'s conversion of those Tanzanite gemstones was accomplished by malice and/or reckless or willful disregard of Dorse's rights.

42.    As a result of the conversion, Dorse has been damaged in an amount to be determined at trial, but for no less than $77,298, plus interest and punitive damages thereon.

WHEREFORE, Plaintiff Dorse International, Inc. prays for relief as follows:

(a)    On the First Cause of Action, that a judgment be entered in favor of Dorse against D.R.A. in an amount to be determined at trial, but in no event less than $77,298, plus interest thereon;

(b)    On the Second Cause of Action, that a judgment be entered in favor of Dorse and against D.R.A. in an amount not less than $60,850, plus bank charges, and interest thereon;

(c)    On the Third Cause of Action, that a judgment be entered in favor of Dorse and against D.R.A. in an amount to be determined at trial, but in an amount not less than $77,298, plus interest thereon;

(d)    On the Fourth Cause of Action, that a judgment be entered in favor of Dorse and against D.R.A. in an amount to be determined at trial, but in an amount not less than $77,298, plus interest thereon and punitive damages in an amount to be determined at trial, but in an amount not less than $500,000;

7

(e)    That Dorse be awarded attorney's fees, costs and disbursements; and

(f)    For such further relief as this Court deems just and proper.

Dated: New York, New York
      August 27, 2007

                                 **WINOGRAD & WINOGRAD P.C.**

                              **By:** _____
                                Corey Winograd (CW-8280)
                                450 Seventh Avenue, Suite 1308
                                New York, New York  10123
                                (212) 268-6900
                                Attorneys for Plaintiff

# EXHIBIT "A"



**WACHOVIA**
1-800-WACHOVIA (922-4684)
Date: Dec 11, 2006   Advice D-529836

*Acct:*   *005/2080000644358*

A fee associated with this service will
be reflected in your current account
analysis statement. The items listed
are enclosed. You may obtain payment
from the maker.

| SEQ# | ITEM AMOUNT |
|---|---|
| 31509 | 16,750.00 |

DORSE INTERNATIONAL
2385 SCOTNEY CASTLE LN
POWDER SPRINGS GA 30127

1 Item charged totaling $16,750.00

Advice Total $16,750.00

⑆402333198⑆   002080000644358⑈   ⑆0000529836⑉









**WACHOVIA**

1-800-WACHOVIA (922-4684)
Date: Nov 20, 2006  Advice D=214121

Acct:  005/2080000644358

SEQ# 37502  ITEM AMOUNT 16,750.00

A fee associated with this service will
be reflected in your current account
analysis statement. The items listed
are enclosed. You may obtain payment
from the maker.

DORSE INTERNATIONAL
2385 SCOTNEY CASTLE LN
POWDER SPRINGS GA 30127

1 Item charged totaling $16,750.00

Advice Total $16,750.00

⑈402333198⑈  00 2080000644358⑈  ⑈0000214121⑈

*031000040*
01/17/2007
6115098971

This is a LEGAL COPY of
your check. You can use it
the same way you would
use the original check.



9248

D.S.A. GAD, INC.
13 W. 47TH ST., STE. 406
NEW YORK, NY 10036

VALLEY NAT'L BK MERCHANTS DR
NEW YORK CITY, NY 10013
1-419/210

1/11/2007

**NSF**
**RETURNED BY**
**VALLEY NATIONAL**
**BANK**

$ **16,750.00

Sixteen Thousand Seven Hundred Fifty 00/100

Dorse International, Inc.

Dorse International, Inc.

⑈009248⑈ ⑈026006790⑈ 03 073168⑈ ⑈000 16 75000⑈

⑈009248⑈  ⑈026006790⑈  03 073168⑈  ⑈000 16 75000⑈

VALLEY NATL BANK INC
0466275270 01/12/2007 013

BNT-7845 TRC-6126 PK=01

01/19/2007 5969 26 97

↓Do not endorse or write below this line.↓

**WACHOVIA**

1-800-WACHOVIA (922-4684)
Date: Feb 5, 2007   Advice D=496585

A fee associated with this service will
be reflected in your current account
analysis statement. The items listed
are enclosed. You may obtain payment
from the maker.

Acct:   005/2080000644358

**SEQ#**   **ITEM AMOUNT**
36287      16,750.00

DORSE INTERNATIONAL
2385 SCOTNEY CASTLE LN
POWDER SPRINGS GA 30127

1 Item charged totaling $16,750.00

Advice Total  $16,750.00

⑈40233319⑈  00 2080000644358⑈  ⑈0000496585⑈





**EXHIBIT "B"**

# RICHARD S. ALEMBIK, PC

### ATTORNEYS AT LAW
315 West Ponce de Leon Avenue, Suite 250
Decatur, Georgia 30030-5100 (USA)
www.alembik.com

OF COUNSEL

RICHARD S. ALEMBIK

WILLIAM S. DOMINY
E. MICHELLE DRAKE

404-373-0205
404-795-8999 (FAX)
rick@alembik.com

March 8, 2007

**VIA FIRST CLASS AND**
**CERTIFIED MAIL NO.:** 7006 0810 0004 2208 0880

Mr. Doron Gad
1628 Diplomat Dr.
Miami, FL  33179-6417

**VIA FIRST CLASS AND**
**CERTIFIED MAIL NO.:** 7006 0810 0004 2208 0897

Mr. Doron Gad
150 Green way Ter.
Apt. 51-E
Forest Hills, NY 11375-5298

|  | RE: | Notice of Bad Check Pursuant to Official Code of Georgia § 13-6-15(c) |
|---|---|---|
| Our Client(s): | | Dorse International, Inc. |
| Our File No.: | | 2174001-001-010 |

Dear Mr. Gad:

You are hereby notified that the following instruments:

| Check # | Date | Amount | Maker's Bank |
|---|---|---|---|
| 9249 | 1/25/07 | $16,750 | Valley Natl. Bk. Merchants Bk. |
| 9248 | 1/11/07 | $16,750 | Valley Natl. Bk. Merchants Bk. |
| 9246 | 12/12/06 | $16,750 | Valley Natl. Bk. Merchants Bk. |
| 9245 | 11/30/06 | $16,750 | Valley Natl. Bk. Merchants Bk. |

Mr. Doron Gad
March 8, 2007
Page 2

drawn upon Valley National Bank Merchants Bank and payable to "Dorse International, Inc." have been dishonored.

Pursuant to Georgia law, you have ten days from receipt of this notice to tender payment of the full amount of the check or instrument plus a service charge of $25 or 5 percent of the face amount of the check or instrument, whichever is greater, plus the amount of any fees charged to the holder of the instrument by a bank or financial institution as a result of the instrument not being honored, the total amount due being $70,350.

Unless this amount is paid in full within the ten-day period, the holder of the check or instrument may file a civil suit against you for two times the amount of the check or instrument, but in no case more than $500, in addition to the payment of the check or instrument plus any court costs incurred by the payee in taking the action.

Please transmit payments to this office and make any instrument payable to "Dorse International, Inc."

Sincerely,

RICHARD S. ALEMBIK, PC.

By: _____
Richard S. Alembik

RA/aeh
cc: Dorse International, Inc. (via e-mail only )

**RICHARD S. ALEMBIK, PC**
ATTORNEYS AT LAW
315 West Ponce de Leon Avenue, Suite 250
Decatur, Georgia 30030-5100 (USA)
www.alembik.com

OF COUNSEL

WILLIAM S. DOMINY
E. MICHELLE DRAKE

RICHARD S. ALEMBIK

404-378-0205
404-795-8999 (FAX)
rick@alembik.com

March 8, 2007

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 0004 2208 0880

Mr. Doron Gad
1628 Diplomat Dr.
Miami, FL 33179-6417

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 0004 2208 0897

Mr. Doron Gad
150 Green way Ter.
Apt. 51-B
Forest Hills, NY 11375-5298

RE:      Notice of Bad Check Pursuant to
          Official Code of Georgia § 13-6-15(c)

Our Client(s):    Dorse International, Inc.

Our File No.:    2174001-001-010

---

**RICHARD S. ALEMBIK, PC**
ATTORNEYS AT LAW
315 West Ponce de Leon Avenue, Suite 250
Decatur, Georgia 30030-5100 (USA)
www.alembik.com

OF COUNSEL

WILLIAM S. DOMINY
E. MICHELLE DRAKE

RICHARD S. ALEMBIK

404-378-0205
404-795-8999 (FAX)
rick@alembik.com

March 8, 2007

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 0004 2208 0880

Mr. Doron Gad
1628 Diplomat Dr.
Miami, FL 33179-6417

VIA FIRST CLASS AND
CERTIFIED MAIL NO.: 7006 0810 000

Mr. Doron Gad
150 Green way Ter.
Apt. 51-B
Forest Hills, NY 11375-5298

RE:    Notice of Bad
        Official Code

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☑ Agent
                 ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
                3-12-07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

MAR 16 2007

R.S. Alembik, P.C.

1. Article Addressed to:

Doron Gad
1628 Diplomat Dr.
Miami, FL 33179-6417

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  7006 0810 0004 2208 0880

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

O.C.G.A. 13-6-15

Mr. Doron Gad
March 8, 2007
Page 2

drawn upon Valley National Bank Mercha[...]
Inc." have been dishonored.

Pursuant to Georgia law, you have[...]
payment of the full amount of the check o[...]
percent of the face amount of the check or[...]
amount of any fees charged to the holder o[...]
as a result of the instrument not being ho[...]

Unless this amount is paid in full w[...]
or instrument may file a civil suit against y[...]
instrument, but in no case more than $500[...]
instrument plus any court costs incurred by[...]

Please transmit payments to this off[...]
International, Inc."

Sincere[...]

RICHA[...]

By: _____
Richard[...]

RA/aeh
cc: Dorse International, Inc. (via e-mail only[...]



RICHARD S. ALEMBIK, PC
ATTORNEYS AT LAW
315 West Ponce de Leon Avenue
Suite 250
Decatur, Georgia (USA) 30030-2433

CERTIFIED MAIL

7006 0810 0004 2806 0847

RECEIVED
APR - 2 2007
R.S. Alembik, P.C.

stamps.com   $4.889
MAR 08 2007
US POSTAGE
FIRST CLASS MAIL
MAILED FROM 30030

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 9/10/07 |
| NAME OF SERVER *(PRINT)* Steven C. Avery | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: Secretary of State Albany, NY

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☑ Other (specify): Served upon Carol Vogt, legal clerk who is authorized to accept service on behalf of the Secretary of State

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 9/12/07
_____
Date

_____
*Signature of Server*
Steven C. Avery

93 West Sand Lake Road Wynantskill, NY 12198
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Motion, Affidavit for Judgment by Default, Clerk's Certificate, Statement of Damages, Summons and Complaint of plaintiff Dorse International, Inc. with proof of service and the Proposed Judgment were furnished by regular mail to D.R.A. Gad, Inc., 15 West 47th Street, Suite 802, New York, New York 10036 on the 19th day of October, 2007.

RENATA BODNER