UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DORSE INTERNATIONAL, INC.,

    Plaintiff

 -against-

D.R.A. GAD, INC.,

    Defendant
----------------------------------------------------------X

Case No: 07 CV 7642 (SHS) (FM)

ANSWER AND AFFIRMATIVE DEFENSES

  Defendant, D.R.A. GAD, INC. (hereinafter referred to as "GAD") by its counsel, Richard Weiss, Esq., as and for its Answer and Affirmative Defenses to the Complaint ("Complaint") of plaintiff, DORSE INTERNATIONAL, INC. ("DORSE") respectfully alleges the following:

### NATURE OF ACTION

  1. Denies knowledge of information sufficient to form a belief as to the allegations contained in paragraph designated 1.

### JURISDICTION AND VENUE

  2. Denies each and every allegation set forth in paragraph designated 2, except admits that the defendant, GAD is a New York corporation.

  3. Denies each and every allegation set forth in paragraph designated 3, except admits that the defendant, GAD maintains its principle place of business in New York but that the substantial part of the relevant events concerning this case occurred elsewhere.

### THE PARTIES

  4. Denies knowledge of information sufficient to form a belief as to paragraph designated 4.

  5. Admits each and every allegation set forth in paragraph designated 5.

## THE FACTS

6. Denies knowledge of information sufficient to form a belief as to paragraph designated 6 except admits that plaintiff, DORSE distributed and sold Tanzanite stones to the defendant.

7. Denies knowledge of information sufficient to form a belief as to paragraph designated 7 except admits that DORSE distributed and sold Tanzanite stones to the defendant.

8. Admits each and every allegation set forth in paragraph designated 8.

9. Denies each and every allegation set forth in paragraph designated 9, except admits that the contracts between merchants in the Diamond District are frequently and usually oral.

10. Denies each and every allegation set forth in paragraph designated 10, except admits that the parties entered into an oral agreement in the State of Florida.

11. Denies knowledge of information sufficient to form a belief as to paragraph designated 11, except verily believes that the prevailing wholesale price for Tanzanite at the time of the parties agreement was approximately $370.00 per carat.

12. Denies knowledge of information sufficient to form a belief as to paragraph designated 12.

13. Denies each and every allegation set forth in paragraph designated 13.

14. Denies each and every allegation set forth in paragraph designated 14, except specifically alleges that post-dated checks were given by the defendant to the plaintiff but that prior to the date on the checks, plaintiff was orally advised not to deposit the checks since there were insufficient funds in the account.

15. Denies each and every allegation set forth in paragraph designated 15.

16. Denies knowledge of information sufficient to form a belief as to the allegations set forth in paragraph designated 16 and specifically asserts that plaintiff was told not to deposit the

post-dated checks on successive months due to the fact that there were insufficient funds in the account the checks were drawn on cause by defendant's inability to sell the Tanzanite stones.

17. Denies each and every allegation set forth in paragraph designated 17 and asserts that defendant advised the plaintiff that the Tanzanite stones would be paid for in a reasonable period of time or when the Tanzanite stones were sold.

18. Admits each and every allegation set forth in paragraph designated 18.

19. Admits each and every allegation set forth in paragraph designated 19, except specifically asserts that prior to the plaintiff depositing the four checks into its account defendant contacted the plaintiff and advised it not to deposit the checks since there were insufficient funds in defendant's account upon which the checks were drawn.

20. Denies each and every allegation set forth in paragraph designated 20 except admits upon information and belief that the checks written by defendant were in an account which did not have sufficient funds and were deposited into an account by plaintiff HOWEVER prior to the checks being deposited, defendant's representative contacted plaintiff to advise it not to deposit the checks since the checks would not clear due to there being insufficient funds in the account.

21. Defendant acknowledges that the principal of it received a copy of Exhibit "B" in the State of Florida, however the laws of the State of Georgia do not apply to this matter.

22. Denies each and every allegation set forth in paragraph designated 22 except admits that due to communications between the parties the sum of $10,000.00 was wired by defendant into plaintiff's account.

23. Denies each and every allegation set forth in paragraph designated 23 and specifically asserts that plaintiff has previously been advised that upon its request the Tanzanite stones will be returned to it since defendant has been unable to sell the Tanzanite stones.

## AS AND FOR PLAINTIFF"S FIRST CAUSE OF ACTION
### (Breach of Contract)

24. Defendant refers to and re-answers each of the aforegoing answers of this Answer as if more fully set forth herein at length.

25. Denies each and every allegation set forth in paragraph designated 25.

26. Denies each and every allegation set forth in paragraph designated 26.

27. Denies each and every allegation set forth in paragraph designated 27.

28. Denies each and every allegation set forth in paragraph designated 28 and specifically asserts that defendant has previously and presently offered to return the Tanzanite stones to plaintiff.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION
### (Damages for the Writing of Bad Checks; O.C.G.A. § 13-6-15, et seq.)

29. Defendant repeats, reiterates and realleges each and every admission or denial as if more fully set forth herein at length as to paragraphs designated "1" through "23" and "25" through "28".

30. Denies each and every allegation set forth in paragraph designated 30 and specifically asserts that the Official Code of Georgia § 31-6-15 (a) does not apply to the parties transaction.

31. Denies each and every allegation set forth in paragraph designated 31.

32. Admits the allegations set forth in paragraph 32.

33. Denies each and every allegation set forth in paragraph designated 33 except Admits that defendant has offered to return the Tanzanite stones to plaintiff.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION
### (Unjust Enrichment)

34. Defendant repeats, reiterates and realleges each and every admission or denial as if more fully set forth herein at length as to paragraphs designated "1" through "23", "25" through "28" and "30" through "33".

35. Denies each and every allegation set forth in paragraph designated 35 except Admits that defendant received the Tanzanite stones from the plaintiff which will be paid for in accordance with the agreement between the parties.

36. Denies each and every allegation set forth in paragraph designated 36.

37. Denies each and every allegation set forth in paragraph designated 37.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Conversion)

38. Defendant repeats, reiterates and realleges each and every admission or denial as if more fully set forth herein at length as to paragraphs designated "1" through "23", "25" through "28", "30" through "33" and "35 through "37".

39. Denies each and every allegation set forth in paragraph designated 39.

40. Denies each and every allegation set forth in paragraph designated 40.

41. Denies each and every allegation set forth in paragraph designated 41.

42. Denies each and every allegation set forth in paragraph designated 42.

## AFFIRMATIVE DEFENSES

43. The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden on plaintiff. Defendant expressly reserves the right to amend and/or supplement it affirmative and/or other defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. Plaintiff asserts a statute of fraud as a defense.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. Defendant assets that the Georgia law does not apply for any part of this transaction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. At all times relevant herein defendant has offered to return to plaintiff the unsold Tanzanite stones which plaintiff has refused to accept.

WHEREFORE, the answering defendant demands judgment dismissing plaintiff's complaint together with such other and further relief as to this Court may deem just and proper.

Dated: New Rochelle, New York
       October 30, 2007

By: Richard Weiss (RW-4978)
415 Huguenot Street
New Rochelle, New York 10801
(914) 235-0833
RWLegal1@aol.com
Attorney for Defendant
D. R. A. GAD, Inc.

| Index No. | Year: | RJI No. | Hon. |
|---|---|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORSE INTERNATIONAL, INC.,
                  Plaintiff

-against-

D.R.A. GAD, INC.,
                  Defendant

### ANSWER AND AFFIRMATIVE DEFENSES

*RICHARD WEISS, ESQ.*
*Attorney for Defendant*
*Office and Post Office Address, Telephone*
415 HUGUENOT STREET, 1ˢᵗ FLOOR
NEW ROCHELLE, NY 10801
TEL (914) 235-0833 / FAX (914) 235-0890

## "WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

To                                              is hereby admitted.

Attorney(s) for

Service of a copy of the within

Dated,
                                             Attorney(s) for

Please take notice

☐   **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of an Order duly entered in the office of the clerk of the within named court on     , 20

☐   **NOTICE OF SETTLEMENT**
that     , of which the within is a true copy will be presented for settlement to the     one of the judges of the within named court, on     at     M

Dated,                                               Yours, etc.

*RICHARD WEISS, ESQ.*
*Attorney for Defendant*
415 HUGUENOT STREET, First Floor
NEW ROCHELLE, NY 10801

To: